# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

CIVIL ACTION NO.: 9:24-CV-03374-RMG

| | |
|---|---|
| CYNTHIA WILLIAMS LEWIS, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>JOSEPH PESCATORE and )<br>ROCKWELL AMUSEMENTS & )<br>PROMOTIONS, INC. )<br>Defendants. )<br>) | **AMENDED SUMMONS**<br>(Jury Trial Demanded) |

**TO THE DEFENDANTS ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

**MORGAN & MORGAN P.A.**

/*s/ James Benjamin Myers*
James Benjamin Myers, Esq.
Federal ID: 14279
Cooper Klaasmeyer, Esq.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 619-4611
Fax: (854) 222-6501
ben.myers@forthepeople.com
cooper.klaasmeyer@forthepeople.com
**Attorneys for the Plaintiff**

August 29, 2024
Charleston, South Carolina

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

CIVIL ACTION NO.: 9:24-CV-03374-RMG

| | |
|---|---|
| CYNTHIA WILLIAMS LEWIS, ) | |
| ) | **AMENDED COMPLAINT** |
| Plaintiff, ) | (Jury Trial Demanded) |
| vs. ) | |
| ) | |
| JOSEPH PESCATORE and ) | |
| ROCKWELL AMUSEMENTS & ) | |
| PROMOTIONS, INC. ) | |
| Defendants. ) | |
| ) | |

Plaintiff, Cynthia Williams Lewis, by and through her undersigned attorney, complains of Defendants and alleges as follows:

**Parties, Venue, and Jurisdiction**

1. Plaintiff Cynthia Williams Lewis ("Plaintiff") was injured in the crash that is subject of this action (the "Crash"). At all relevant times, Plaintiff is a resident and citizen of Liberty County, State of Georgia.

2. Defendant Joseph Pescatore ("Defendant Pescatore") was driving the vehicle that crashed into Plaintiff and caused Plaintiff's injuries. Upon information and belief, Defendant Pescatore is a citizen and resident of Providence County, State of Rhode Island.

3. Upon information and belief, Defendant Rockwell Amusements & Promotions, Inc. ("Defendant Rockwell") is a Rhode Island domestic profit corporation that operates its corporate headquarters in Johnston, Rhode Island.

4. At all times relevant to this action, Defendant Pescatore was an agent, servant, and/or employee of Defendant Rockwell, individually or jointly.

5. At the time of the motor vehicle collision that is the subject of this Complaint, Defendant Rockwell's agent, servant, and/or employee, Defendant Pescatore, was acting in the course and scope of their employment with Defendant Rockwell.

6. The acts and omissions giving rise to this cause of action took place in Jasper County, South Carolina.

7. This Court has personal jurisdiction over the parties and subject matter jurisdiction over the issues involved in this case.

**General Factual Allegations**

8. On or about October 30, 2023, at or around 3:35 p.m., and at all relevant times hereto, Defendant Pescatore was driving a 2011 Volvo truck (VIN: 4V4NC9TH2BN294675) in Jasper County, South Carolina.

9. On or about October 30, 2023, at or around 3:35 p.m., and at all relevant times hereto, Plaintiff was operating a 2015 Toyota Tacoma (VIN: 5TFKU4HN2FX007200). Plaintiff was lawfully traveling southbound on Whyte Hardee Boulevard in Jasper County, South Carolina. Plaintiff was operating her vehicle as a reasonably prudent person under the circumstances.

10. Defendant Pescatore was attempting to cross Whyte Hardee Boulevard from Quik Trip to the Pilot parking lot.

11. Defendant Pescatore negligently and carelessly failed to yield to oncoming traffic and exited the parking lot when it was unreasonable and dangerous to do so and crashed into the Plaintiff.

12. As a result of the crash, Plaintiff sustained severe and debilitating injuries to her body.

## For a First Cause of Action
(Negligence *per se* as to Defendant Pescatore)

13. Plaintiff incorporates the foregoing paragraphs as if fully repeated verbatim here.

14. Defendant Pescatore owed Plaintiff statutory duties to operate his vehicle in a reasonable and safe manner to not cause injury to Plaintiff.

15. Defendant Pescatore failed to exercise due care to avoid crashing into Plaintiff.

16. Defendant Pescatore breached his duty to Plaintiff by failing to yield to oncoming traffic and by failing to exercise due care to avoid crashing into Plaintiff.

17. Defendant Pescatore's violation of his statutory duties constitutes negligence *per se*.

18. Defendant Pescatore's breach of his statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to both compensatory and punitive damages.

19. Defendant Pescatore's violations of his statutory duties caused Plaintiff's damages, including but not limited to the following:

   a. Significant past and future medical expenses;
   b. Lost income and reduced earning capacity;
   c. Emotional distress and anxiety;
   d. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being; and
   e. Other damages as will be shown in the discovery and trial of this case.

20. Because Plaintiff was injured as a direct result of Defendant Pescatore's violations of his statutory duties described above, Plaintiff is entitled to actual and compensatory damages for her personal injuries and property damage in the amount the jury determines at the trial of this case.

21. Defendant Pescatore's statutory violations demonstrate such wanton disregard for the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant Pescatore for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Pescatore violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines she is entitled.

## For a Second Cause of Action
(Negligence as to Defendant Pescatore)

22. Plaintiff incorporates the foregoing paragraphs as if fully repeated verbatim here.

23. Defendant Pescatore owed Plaintiff a common-law duty to do the following:

    a. Keep a proper lookout;
    b. Maintain appropriate attention on the road while driving;
    c. Maintain his vehicle in a roadworthy manner;
    d. Yield the right of way to Plaintiff;
    e. Operate his vehicle in a safe manner and at a safe speed; and
    f. Drive in a reasonably careful manner with respect for the rights and safety of others such as Plaintiff.

24. Defendant Pescatore breached his duty to Plaintiff in one or more of the following ways:

    a. Failing to keep a proper lookout;
    b. Driving while distracted;
    c. Failing to slow when traffic ahead of him was slowing and stopping;
    d. Failing to apply his brakes and stop in a timely manner;
    e. Crashing into Plaintiff instead of steering around or away from her;
    f. Failing to yield the right of way to Plaintiff;
    g. Operating his vehicle in an unsafe manner or at an unsafe speed; or
    h. Driving in an unreasonable and careless manner without thought for the rights and safety of others, including Plaintiff, as shall be further shown in the discovery and trial of this case.

25. Defendant Pescatore's breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

26. Defendant Pescatore's negligent, grossly negligent, careless, reckless, willful, and wanton breach of his duty directly and proximately caused Plaintiff serious injuries, and Plaintiff's outstanding medical bills. As a direct result of Defendant Pescatore's negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

      a. Significant past and future medical expenses,
      b. Lost income and reduced earning capacity,
      c. Personal property damage,
      d. Emotional distress and anxiety,
      e. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being, and
      f. Other damages as will be shown in the discovery and trial of this case.

27. Because Plaintiff was injured as a direct result of Defendant Pescatore's acts and omissions described above, Plaintiff is entitled to actual and compensatory damages for her personal injuries and property damage in the amount the jury determines at the trial of this case.

28. Defendant Pescatore's acts and omissions demonstrate such want of care as to show Defendant Pescatore was consciously indifferent both to the consequences of his acts and omissions and to the health, safety, and rights of Plaintiff and others. Thus, in addition to Plaintiff's compensatory damages, Defendant Rockwell and Defendant Pescatore should also pay punitive damages in the amount the jury determines appropriate to punish Defendant Pescatore for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Pescatore violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines she is entitled.

## **FOR A THIRD CAUSE OF ACTION**
(Vicarious Liability as to Defendant Rockwell)

29. Plaintiff incorporates the foregoing paragraphs as if fully repeated here.

30. At the time of the crash that is the subject of this lawsuit, Defendant Pescatore was acting in the course and scope of his employment on behalf of Defendant Rockwell.

31. Defendant Rockwell, thus acting through its agent, servant, and employee Defendant Pescatore, is vicariously liable for the negligent, careless, reckless, wanton, willful, and grossly negligent acts of Defendant Pescatore as set forth in the first and second causes of action.

32. Plaintiff asks this Court to enter judgment ordering Defendant Rockwell to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## FOR A FOURTH CAUSE OF ACTION
(Negligent Hiring, Training, Supervision, and Retention as to Defendant Rockwell)

33. Plaintiff incorporates the foregoing paragraphs as if fully repeated here.

34. Defendant Rockwell was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Pescatore to operate a vehicle on Defendant Rockwell's behalf in one or more of the following ways:

   a. Failing to review Defendant Pescatore's driving history;
   b. Failing to assess Defendant Pescatore's driving skill;
   c. Hiring Defendant Pescatore to drive on Defendant Rockwell's behalf despite Defendant Pescatore's history of unsafe driving;
   d. Failing to have policies and procedures to train or monitor Defendant Pescatore, or if such policies and procedures were in place, failing to enforce them;
   e. Failing to ensure Defendant Pescatore had proper training and experience to operate a vehicle for Defendant Rockwell in a safe and effective manner; and
   f. Otherwise failing to investigate Defendant Pescatore's skill and history with a vehicle, train Defendant Pescatore in proper driving procedures, supervise Defendant Pescatore's driving, to release Defendant Pescatore from

employment due to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

35. For the above-mentioned reasons, Defendant Rockwell knew or should have known that hiring, training, supervising, or retaining Defendant Pescatore posed a risk of foreseeable harm to third parties.

36. Plaintiff asks this Court to enter judgment ordering Defendant Rockwell to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff asks this Court to award her actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines she is entitled to, and such other relief as this Court determines is just.

**MORGAN & MORGAN P.A.**

/*s/ James Benjamin Myers*/
James Benjamin Myers, Esq.
Federal ID: 14279
Cooper Klaasmeyer, Esq.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 619-4611
Fax: (854) 222-6501
ben.myers@forthepeople.com
cooper.klaasmeyer@forthepeople.com
**Attorneys for the Plaintiff**

August 29, 2024
Charleston, South Carolina